IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHAT DANG | : CIVIL ACTION |
| v. | : |
| GEICO SECURE INSURANCE CO. | : NO.  23-2311 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                  March 14, 2024

Plaintiff filed a motion in limine in this uninsured motorist case, seeking a determination by the court that the February 10, 2022 accident is the factual and proximate cause of Plaintiff's injuries based on the expert reports.  Doc. 20.  Defendant responds that Plaintiff has misinterpreted the defense expert's report and causation remains an issue for the jury.  Doc. 21.

Pennsylvania courts have consistently held that where both parties' experts agree that an accident caused some injury, despite disagreement as to the extent, duration, and permanency of any injuries, "the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries."  Andrews v. Jackson, 800 A.2d 959, 962 (Pa. Super. 2002) (citing Neison v. Hines, 653 A.2d 634, 637 (Pa. 1995); Mano v. Madden, 738 A.2d 493, 495 (Pa. Super. 1999)).[1]  In Andrews, the

---

[1]In an uninsured motorist case, the insurer's liability is essentially equal to that of the tortfeasor because uninsured motorist coverage "comes into play when a tortfeasor injures an insured person and the tortfeasor's own coverage is . . .  nonexistent," allowing the insured person to "draw upon [the uninsured motorist] coverage provided by their own insurer."  Berardi v. USAA Gen. Indem. Co., 606 F. Supp.3d 158, 160 (E.D. Pa. 2022).

court concluded that

> the jury must find the accident was a substantial cause of at least some injury, where both parties['] medical experts agree the accident caused some injury. While the jury may then find the injuries caused by the accident were incidental or non-compensable and deny damages on that basis, the jury may not simply find the accident did not "cause" any injury, where both parties' medical experts have testified to the contrary.

Id. at 964.

In Mano, the plaintiff's medical expert testified that the accident caused a neck "strain sprain" and various other back and neck problems. 738 A.2d at 496. The defendant's medical expert refuted the plaintiff's claims of continuing pain or physical limitations, which had resolved, but conceded that plaintiff had suffered neck and back strains as a result of the accident. Id. At the close of evidence, the trial court granted the plaintiff's motion for directed verdict on the issue of negligence, after which the jury found that the accident was not a substantial cause of the plaintiff's injuries and did not award the plaintiff any damages. Id. at 495. The trial court granted the plaintiff's motion for a new trial on the ground that the jury's verdict was against the weight of the evidence. Id. On appeal, the Superior Court affirmed, stating "[i]t is impermissible for a jury, in a personal injury case, to disregard the uncontroverted testimony from the experts for both parties that the plaintiff suffered some injury as a result of the accident in question." Id. at 497 (citing Rozanc v. Urbany, 664 A.2d 619 (Pa. Super. 1995)).

Pennsylvania courts have routinely reaffirmed the holding of Mano and Andrews in personal injury actions where both parties' medical experts testified that the plaintiff

suffered at least some injury as a result of the accident in question. See, e.g., Bostanic v. Barker-Barto, 936 A.2d 1084, 1088-89 (Pa. Super. 2007) (jury's decision that defendant's negligence was not a factual cause in bringing about plaintiff's harm was against the weight of evidence where defendant's expert conceded that plaintiff suffered a cervical sprain or strain injury; "[i]t may well be that [plaintiff's] injuries were insignificant to the point that they were not compensable, but the jury's verdict form reflects that they did not consider that question"). Cases which distinguish Andrews do so on the basis that the parties' experts disagree as to whether a defendant's negligence caused any injury whatsoever. See, e.g., Sicchitano v. Presb'n Med. Centr. of Wash., No. 1737 WDA 2014, 2016 WL 400480, at *7 (Pa. Super. Feb. 1, 2016) ("Whereas experts for both parties [in Andrews] found injury caused by an accident . . . there was no such agreement among the parties' experts in the case before us.").

Plaintiff contends that "[t]here is no dispute that Defendant's hired expert . . . found Mr. Dang suffered a strain and sprain and contusion as a result of the subject collision." Doc. 20 at 3. Defendant disputes this, reading the expert's report to "indicat[e] . . . the greatest it could be if there was any injury." Doc. 21 at 2.

The defense medical expert, Joseph Bernstein, M.D., offered the following impressions, in part:

1. Mr. Dang was reportedly in a motor vehicle collision.
2. Mr. Dang presented to UPMC the next day with low back pain. A back sprain was reasonably diagnosed.
. . .
4. Had a sprain, strain, or contusion been sustained, up to 12 weeks of therapy would be reasonably related to the incident in question.